UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON,<br><br>          Plaintiff<br><br>v.<br><br>MICHAEL MINEV, et al.,<br><br>          Defendants | Case No.: 2:21-cv-02133-APG-VCF<br><br>**Order Denying Motions for Injunctive Relief, Granting Motion to Seal, and Granting Motion to Extend Time**<br><br>[ECF Nos. 3, 5, 9, 16] |

  Plaintiff S. Seanah Dixon filed a motion for injunctive relief, asserting that her life is in danger because the defendants have failed to promptly have her seen by a cardiologist despite knowing of her life-threatening heart condition. Dixon alleges that the defendants transferred her from Ely State Prison to High Desert State Prison for the purpose of having her seen by a cardiologist, but she still has not been seen by a cardiologist. Even though Dixon's complaint has not yet been screened, I directed the Attorney General's Office to respond to the motions given the nature of her allegations. The Attorney General did so. ECF No. 8. Subsequently, Dixon filed a notice that she had been seen by a cardiologist on December 23, 2021. ECF No. 15.

  To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the plaintiff's favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

In the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). I must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id.* A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

Because Dixon has now seen a cardiologist, her motions for injunctive relief are moot. Dixon requested as relief an immediate consultation with a cardiologist, which has now been accomplished.

Even if the motions are not moot, Dixon has failed to show a likelihood of success on the merits. The defendants presented evidence that Dixon was evaluated upon arrival at High Desert State Prison and Dixon had abnormal, but non-emergent, results on an electrocardiogram (ECG). ECF No. 8-4. Dixon thus was scheduled for a December 23 examination with the cardiologist. *Id.* Dixon's other vital signs were within acceptable ranges, and she was given another ECG a few days later with the same results. *Id.* Dixon's lab results likewise indicated no need for urgent action. *Id.* Rather than showing deliberate indifference, the available evidence shows that the defendants addressed Dixon's medical needs with monitoring, multiple tests, and referral to a cardiologist. *See Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) ("A prison official is deliberately indifferent to that need if he knows of and disregards an excessive risk to inmate health." (quotation omitted)). Dixon's disagreement with the defendants' course of evaluation

2

and treatment or her suspicion that they will subsequently offer substandard care are insufficient to support injunctive relief. *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (stating that "a plaintiff's showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another [is] insufficient, as a matter of law, to establish deliberate indifference." (quotation omitted)).  Consequently, I deny her motions.

I THEREFORE ORDER that plaintiff S. Seanah Dixon's motions for injunctive relief **(ECF Nos. 3, 5) are DENIED**.

I FURTHER ORDER that the defendants' motion for leave to file medical records under seal **(ECF No. 9) is GRANTED**.  ECF No. 10 shall remain sealed.

I FURTHER ORDER that plaintiff S. Seanah Dixon's motion for extension of time **(ECF No. 16) is GRANTED**.

DATED this 5th day of January, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE