UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| S. SEANAH DIXON, | Case No.: 2:21-cv-02133-APG-VCF |
| Plaintiff | **Order** |
| v. | |
| MICHAEL MINEV, et al., | |
| Defendants | |

Plaintiff S. Seanah Dixon brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that she claims she suffered while in the custody of the Nevada Department of Corrections (NDOC). ECF No. 1-1.  On December 6, 2021, I ordered Dixon to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee by February 4, 2022. ECF No. 6.  I warned Dixon that the action could be dismissed if she failed to file a fully complete application with all three documents or pay the full filing fee for a civil action by that deadline. *Id.* at 3.  On February 4, 2022, Dixon filed a motion for an extension of time to file a complete application. ECF No. 24. On February 8, 2022, the magistrate judge granted Dixon's motion and extended the deadline to March 10, 2022. ECF No. 28.  That deadline passed and Dixon did not file a complete application or pay the full filing fee.  On March 21, 2022, I entered an order reminding Dixon that she had not paid the filing fee or submitted an application to proceed in forma pauperis. ECF No. 33. Since that order, Dixon has not submitted an application, paid the full filing fee, or otherwise responded.

**I.    Discussion**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.

*Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, I must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors (the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket) weigh in favor of dismissal of Dixon's claims. The third factor (risk of prejudice to defendants) also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor (the public policy favoring disposition of cases on their merits) is greatly outweighed by the factors favoring dismissal.

The fifth factor requires me to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive

force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed until and unless Dixon either files a fully complete application to proceed in forma pauperis or pays the $402 filing fee for a civil action, the only alternative is to enter a fourth order setting another deadline. But the reality of repeating three ignored orders is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception: there is no hint that Dixon needs additional time or evidence that she did not receive the court's order. Setting a fourth deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

**II.    Conclusion**

These factors weigh in favor of dismissal. I therefore order that this action is dismissed without prejudice based on Dixon's failure to file a fully complete application to proceed in forma pauperis or pay the full $402 filing fee in compliance with my December 6, 2021 order, the magistrate judge's February 8, 2022 order, and my March 21, 2022 reminder order.

I further order that Dixon's motion for medical records (ECF No. 14) is denied as moot.

/ / / /

/ / / /

/ / / /

/ / / /

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Dixon wishes to pursue her claims, she must file a complaint and address the issue of the filing fee in a new case.

Dated: April 13, 2022

_____
U.S. District Judge